## KIDDER vs. PARLIN, *Sheriff, &c.*

The *Stat.* 1821, *ch.* 67, requiring the sheriff to notify the bail fifteen days before the return day of the execution, does not excuse the sheriff from making diligent search for the body and goods of the debtor, as before.

Where one became bail at the request of a third person, who afterwards paid him the greatest part of the judgment, which the bail had been compelled to satisfy;—this was held to constitute no defence for the sheriff, in an action brought against him by the bail, for a false return on the execution.

CASE for a false return. The plaintiff declared that he became bail for one *Holden,* who was arrested on a writ; and that a deputy of the defendant, who had the execution for service, falsely returned thereon that he had made diligent search within his precinct for the body and property of the debtor, neither of which he could find, &c. whereas in truth he had made no such search; by means of which the plaintiff had been obliged to satisfy the judgment, with additional costs. The return contained the other requisites of the statute regulating bail, which were not controverted.

At the trial before *Weston J.* it was admitted that the plaintiff became bail at the request of *Joseph Southwick,* who promised to indemnify him; and had subsequently paid him within three or four dollars of the amount of damage he had suffered by becoming bail. The falsity of the return, in the matter alleged, was fully proved.

The counsel for the defendant hereupon contended—*first,* that if he was liable at all, it was to *Southwick,* who had paid the money, and not to the plaintiff;—but *secondly,* that no sufficient cause of action was set forth; for that the statute regulating bail, having made it the duty of the officer to notify the bail to produce the debtor, fifteen days before the return day, had virtually excused the officer from making search.

Both these points the judge overruled; and a verdict was taken for the plaintiff, for his whole claim, subject to the opinion of the court.

The case was submitted without argument ; and the opinion of the Court was delivered by

MELLEN C. J.   In consequence of the false return made by the deputy of the defendant, the plaintiff has been compelled to pay the amount of the judgment and execution against *Holden*, and in this suit seeks a reimbursement from the defendant.   Why should he not obtain it ?   There is no pretence that the liability on his part is to *Southwick*.   He did not become bail.   The promised indemnity by him, was a concern between him and the plaintiff, with which the defendant has no connexion.

But it is further contended that our statute respecting bail in civil actions, (*Stat.* 1821, *ch.* 67,) has made an essential change in the principles of law which are to govern the court in this case.   A change has been made in respect to the nature and effect of the return of the officer on the execution against the principal.   By the second section it is provided " that no return of *non est inventus,* made by any officer on any execution, shall be considered as evidence of the debtor's avoidance, so that the bail may be rendered liable on *scire facias,* unless such officer shall certify on such execution that he has had the same in his hands, at least thirty days before the expiration thereof ;" and the first section, among other things, declares that the officer shall, at least fifteen days before the return day, notify the bail that he cannot find the principal debtor, nor any property wherewith to satisfy the execution.   These provisions have been introduced into our statute for the purpose of protecting the bail from being entrapped by a return of *non est inventus,* made perhaps on the last day of the life of the execution, which had never been placed in the hands of the officer until a short time before.   It was intended to prevent the success of any artful proceedings, calculated to prejudice the bail ; but surely the legislature never could have contemplated that the officer was, by means of the above provision, to be excused from the performance of whatever was his duty before, and devolve such obligation on the bail.   To give such a construction as is contended for by the counsel for the defendant, would be to impose a burthen, where a benefit was evidently in-

tended. The defence cannot be sustained, nor can we take any notice of the payments in part of the judgment, made by *Southwick;* the sums so paid must be refunded to him by the plaintiff, on his obtaining satisfaction of the defendant.

*Judgment on the verdict.*